## MATTHEWS *v.* SPANGENBERG and another.

### (*Circuit Court, S. D. New York.* April 25, 1882.)

1. PATENTS FOR INVENTIONS—EVIDENCE—MOTION TO SUPPRESS.
 Where evidence has been taken and filed out of time, but no motion to suppress has been filed, it may be considered.
2. SAME—REISSUE NO. 9,028—CLAIMS 5 AND 7 VOID.
 Claims 5 and 7 of reissued letters patent No. 9,028, granted January 6, 1880, to John Matthews, for soda-water apparatus, are anticipated by letters patent No. 44,645, granted to A. J. Morse, October 11, 1864, for a syrup fountain.
3. SAME—CLAIMS 4, 6, 8, AND 9 VALID—INFRINGEMENT—DISCLAIMER.
 As the parts of the thing patented in the fourth, sixth, eighth, and ninth claims, which have been infringed, are definitely distinguishable from the parts claimed in the fifth and seventh claims, and the latter claims were made by mistake, without any willful default, or intent to defraud or mislead the public, and complainant has not been unreasonably negligent in not entering a disclaimer as to such parts, he may, on entering a disclaimer, maintain a suit for infringement, but without costs

In Equity.

*Arthur v. Briesen*, for plaintiff.

*Philip Hathaway*, for defendants.

WHEELER, J. This suit is brought upon reissued letters patent No. 9,028, dated January 6, 1880, granted to the orator upon the surrender of original letters patent No. 50,255, dated October 3, 1865, for soda-water apparatus. The defense relied upon is that the defendants purchased the apparatus used by them of William Gee, who afterwards settled with the orator; that the patent is void for want of novelty; and that they do not infringe. The original patent is not in evidence.

Some of the defendants' evidence was taken and filed out of time. No motion to suppress it has been filed. The orator objects to its consideration; and the defendants ask that it be considered, or the time extended to cover its taking. As no motion to suppress has been filed, it is allowed to stand and is considered. *Wooster* v. *Clark,* 9 FED. REP. 854, is relied upon by the orator on this point, but in that case there was a motion to suppress.

The case does not show that the defendants purchased · their apparatus of Gee before he settled with the orator, and therefore entirely fails to show that he settled with the orator for the sales to the defendants. They stand by themselves, independently of Gee. *Steam Stone-cutter Co.* v. *Windsor Manuf'g Co.* 17 Blatchf. C. C. 24. That defense fails for want of proof.

The patent has nine claims. The second and third are not in controversy. Upon all the evidence, it is found that the first claim is not infringed; that the fifth and seventh are anticipated by letters patent No. 44,645, dated October 11, 1864, granted to A. J. Morse, for a syrup fountain; and that the fourth, sixth, eighth, and ninth are not anticipated and have been infringed by the defendants.

The parts of the thing patented in the fourth, sixth, eighth, and ninth claims are definitely distinguishable from the parts claimed in the fifth and seventh claims; and the orator appears to have made the latter claims by mistake, supposing himself to be the original and first inventor of the parts claimed in them, without any willful default, or intent to defraud or mislead the public, and not to have unreasonably neglected to enter a disclaimer of those parts, thus far. Therefore he is entitled to maintain this suit, but without costs, on entering the proper disclaimer. Rev. St. § 4922; *Burdett* v. *Estey,* · 15 Blatchf. C. C. 349.

On filing a certified copy from the patent-office of the record of a disclaimer by the orator of what is claimed in the fifth and seventh claims, let a decree be entered that the fourth, sixth, eighth, and ninth claims of the patent are valid, that the defendants have infringed, and for an injunction and an account, without costs.